UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

DANIEL LEE COOK,

                        Plaintiff,                    Case No. 2:22-cv-143

v.                                                    Honorable Robert J. Jonker

HEIDI WASHINGTON et al.,

                        Defendants.

_____/

## OPINION

        This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the

Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is

required to dismiss any prisoner action brought under federal law if the complaint is frivolous,

malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a

defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The

Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520

(1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly

incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will

dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.    Factual Allegations

        Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC)

at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. The events

about which he complains occurred at that facility and the Woodland Correctional Facility (WCC)

in Whitmore Lake, Livingston County, Michigan; the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan; and the Macomb Correctional Facility (MRF) in New Haven, Macomb County, Michigan. Plaintiff sues MDOC Director Heidi Washington, WCC Warden Unknown Deangelo, MRF Warden Unknown Warren, Unknown Party #1 (identified as the director/supervisor official for MDOC property transport), and Unknown Party #2 (identified as the corrections officer who destroyed Plaintiff's word processor).

Plaintiff has spent most of the last five years confined at a security level that did not permit him to possess his word processor. He reports that it was packed up in perfect working condition at MBP in 2017. Thereafter, he was repeatedly denied access to it.

Plaintiff alleges he was transferred to ICF during 2018. He again sought access to the word processor. His requests were denied.

Later that year he was transferred to WCC. He again sought access to his word processor. Defendant Deangelo refused Plaintiff access. Plaintiff mailed a complaint regarding the issue to Defendant Washington during January of 2019. A few days later he was transferred to MRF.

At MRF, Plaintiff was issued his word processor. The property slip stated that it was in good condition, but it was obviously broken. Plaintiff complained to Defendant Warren. Defendant Warren stated the word processor would be fixed or replaced. That never happened.

During Plaintiff's stay at MRF he was "in and out of segregation multiple times." (Compl., ECF No. 1, PageID.7.) Property staff at MRF again stored Plaintiff's word processor and stated that it was in good condition; but it was not.

Plaintiff was transferred to ICF during October of 2019. Months later he transferred back to MBP. He transferred back to ICF and then back to MBP during August or September of 2021. where he remains. During all of these transfers the property was listed as being in good condition

yet it remained broken and inoperable. Plaintiff has asked MBP Warden Huss and Defendant Washington to replace the word processer to no avail.

Plaintiff asks the Court to order Defendants to replace the word processor and to award damages in the amount of $20,000.00.

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff does not identify a specific constitutional right that Defendants have violated; but his allegations implicate his Fourteenth Amendment right to due process before he is deprived of property, his First Amendment right to access the courts, and his First Amendment right to file lawsuits and grievances without suffering retaliatory adverse actions.

### A.    Due Process

The elements of a procedural due process claim are (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). Plaintiff's allegations suggest that Defendants have deprived him of his property—by damaging his word processor—without due process.

Plaintiff's claim that he was deprived of personal property without due process is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Id.* at 537. This rule applies to both negligent and intentional deprivations of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984).

Because Plaintiff's claim is premised upon allegedly unauthorized acts of one or more state officials, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff's allegations seem to anticipate that burden. Plaintiff contends that the "prisoner property reimbursement committee" would not afford him relief because the block representatives for the Warden's Forum at each prison refuse to request reimbursement "due to the Plaintiff being an unfavorable prisoner." (Compl., ECF No. 1, PageID.8.)

Notwithstanding Plaintiff's allegations regarding his likelihood of success on a claim through the prisoner property reimbursement committee, Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state post-deprivation remedies in general are inadequate. Even if the reimbursement committee is unavailable, other state post-deprivation remedies remain and "any mechanism for securing retroactive relief does the trick." *Johnson v. City of Saginaw, Mich.*, 980 F.3d 497, 519 (6th Cir. 2020) (concurring in part opinion of Judge Sutton, citing *Zinermon v. Burch*, 494 U.S. 113, 128 (1990)); *see also King v. Montgomery Cnty., Tenn.*, 797 F. App'x 949, 957 (6th Cir. 2020) ("[The] remedy need not be as robust or comprehensive as § 1983 to be viable for *Parratt* purposes; it need only comport with due process.").

Aggrieved prisoners may submit claims for property loss of less than $1,000 to the State Administrative Board. MDOC Policy Directive 04.07.112, ¶ B (eff. Apr. 26, 2021); Mich. Comp. Laws § 600.6419; MDOC Policy Directive 03.02.131 (eff. Mar. 27, 2017). Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against

the state and any of its departments or officers." Mich. Comp. Laws § 600.6419(1)(a). The Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property. Accordingly, Plaintiff's due process claim is properly dismissed.

B.      **First Amendment Access to the Courts**

Plaintiff's allegations suggest that Defendants, by breaking his word processor or otherwise denying him access to it, have interfered with Plaintiff's access to the courts. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824–25. The right of access to the courts also prohibits prison officials from erecting barriers that may impede the inmate's access to the courts. *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992).

It does not appear that Plaintiff's lack of access to his word processor has meaningfully interfered with his access to the courts. He has pursued seven lawsuits in this Court—including a 200+ page handwritten complaint in *Cook v. Huss et al.*, No. 1:21-cv-613 (W.D. Mich.)—and three appeals in the Sixth Circuit, without the benefit of his word processor.

Moreover, an indigent prisoner's constitutional right to legal resources and materials is not without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey*

*v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000. In other words, a plaintiff

must plead and demonstrate that the shortcomings in the prison legal assistance program or lack

of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous

legal claim. *Lewis*, 518 U.S. at 351–53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416

(6th Cir. 1996). The Supreme Court has strictly limited the types of cases for which there may be

an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into
> litigating engines capable of filing everything from shareholder derivative actions
> to slip-and-fall claims. The tools it requires to be provided are those that the inmates
> need in order to attack their sentences, directly or collaterally, and in order to
> challenge the conditions of their confinement. Impairment of any other litigating
> capacity is simply one of the incidental (and perfectly constitutional) consequences
> of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals,

habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378,

391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous

claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis*

changed actual injury to include requirement that action be non-frivolous).

In addition, the Supreme Court squarely has held that "the underlying cause of

action . . . is an element that must be described in the complaint, just as much as allegations must

describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415

(2002) (citing *Lewis*, 518 U.S. at 353 & n.3). "Like any other element of an access claim, the

underlying cause of action and its lost remedy must be addressed by allegations in the complaint

sufficient to give fair notice to a defendant." *Id.* at 415. Plaintiff does not identify a single cause

of action where he lost a remedy because he did not have his word processor. Therefore, he has

failed to state a claim for denial of access to the courts.

### C.        First Amendment Retaliation

Plaintiff alleges that "the destruction of his word processor . . . was retali[a]tory." (Compl., ECF No. 1, PageID.7.) Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The filing of a nonfrivolous prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). Plaintiff alleges that he filed a number of grievances, informal complaints, and complaints in the courts. The Court concludes that he has adequately alleged protected conduct.

To establish the second element of a retaliation claim, a prisoner-plaintiff must show adverse action by a prison official sufficient to deter a person of ordinary firmness from exercising his constitutional rights. *Thaddeus-X*, 175 F.3d at 396. The adverseness inquiry is an objective one and does not depend on how a particular plaintiff reacted. The relevant question is whether the defendants' conduct is "*capable* of deterring a person of ordinary firmness"; the plaintiff need not show actual deterrence. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) (emphasis in original).

8

For purposes of this preliminary review, the Court will consider the damage caused to Plaintiff's word processor to be adverse action.

Plaintiff's retaliation claim falls short, however, at the third element. It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (discussing that in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial" (internal quotations omitted)); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("[B]are allegations of malice on the defendants' parts are not enough to establish retaliation claims [that will survive § 1915A screening]." (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998))).

Plaintiff offers nothing to tie the word processor damage to his protected conduct. He provides no facts to support the inference that the unidentified person(s) who damaged his word processor were motivated by retaliation for Plaintiff's filing of grievances or complaints. He simply uses the word "retaliatory." Thus, Plaintiff merely alleges the ultimate fact of retaliation in this action. He has not presented any facts whatsoever to support his conclusion that Defendants retaliated against him because of his grievances and complaints. Accordingly, he fails to state a claim against Defendants for First Amendment retaliation. *See Iqbal*, 556 U.S. at 678 ("Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

### III.    State Law Claims

Plaintiff also states that the "supervisory officials were negligent in their duties constituting a tort under the law of Michigan." (Compl., ECF No. 1, PageID.5.) Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertion that Defendants violated were negligent under state law therefore would not suffice to state a claim under § 1983.

Moreover, to the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over a state-law negligence claim, the Court declines to exercise jurisdiction. Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *See Experimental Holdings, Inc. v. Farris* 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims.") (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld*, 994 F.2d at 1182; *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotations omitted).

Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).

Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, Plaintiff's state-law negligence claims will be dismissed without prejudice.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   __August 3, 2022__                          __/s/ Robert J. Jonker__
                                                                                Robert J. Jonker
                                                                                United States District Judge

11